IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | |
|---|---|
| DARRIN L. JOHNSON, JR.,<br><br>*Plaintiff*,<br><br>v.<br><br>NATIONSTAR MORTGAGE LLC, *et al.*,<br><br>*Defendants*. | Case No. 1:25-cv-00855-JRR |

## MEMORANDUM OPINION AND ORDER

This matter comes before the court on Plaintiff Darrin L. Johnson, Jr.'s "Rule 15(a)(2) Motion for Leave to File Second Amended Complaint" at ECF No. 21 (the "Motion to Amend") and motions for sanctions pursuant to Rule 11(c) against each Defendant (ECF Nos. 35, 36). The court has reviewed all papers; no hearing is necessary. Local Rule 105.6 (D. Md. 2023).

I.  **BACKGROUND**

Plaintiff initiated this action against Defendants "Nationstar Mortgage LLC d/b/a Mr. Cooper" ("Nationstar") and "Progressive Insurance d/b/a American Strategic Insurance Corporation"[1] ("Progressive") on January 7, 2025, in the Circuit Court for Baltimore City, Maryland. (ECF No. 1-1; ECF No. 4.) Shortly thereafter, he amended his complaint. (ECF No. 1-1; ECF No. 5.) Nationstar, with Progressive's consent, then removed the action to this court on March 14, 2025. (ECF No. 1.) Thereafter, on March 20, 2025, Plaintiff filed the now-operative Amended Complaint. (ECF No. 14.) Plaintiff alleges that the instant action "arises from the Defendants' willful and reckless misconduct in connection with the servicing of Plaintiff's

---

[1] Progressive notes that this is not a proper legal entity and that the underlying policy at issue was underwritten by Progressive Property Insurance Company. (ECF No. 26 at p. 1 n.1.)


mortgage loan and the issuance of the homeowner's insurance policies." *Id.* ¶ 14. His allegations relate to Nationstar's "right to collect a debt" and Progressive's cancellation of his homeowner's insurance policy. *Id.* ¶ 7.

Plaintiff asserts five counts:

> <u>Count I</u>: "Declaratory Relief" against Nationstar;
> <u>Count II</u>: Violation of the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. § 1692, and the Federal Trade Commission Act ("FTC Act"), 15 U.S.C. § 45(a)(1) against both Defendants;
> <u>Count III</u>: Violation of 15 U.S.C. § 1692g against Nationstar;
> <u>Count IV</u>: "Breach of Contract/Bad Faith" against Progressive; and
> <u>Count V</u>: Violation of "Maryland's [Uniform Commercial Code] § 9-203" against Nationstar

(ECF No. 14 ¶¶ 8–12.)

On April 18, 2025, Defendants both moved to dismiss Plaintiff's Amended Complaint. (ECF Nos. 17, 19.) A week later, Plaintiff filed his Motion to Amend, seeking leave to amend to "refine his claims in response to the issues raised by both Defendants in their Rule 12(b)(6) motions." (ECF No. 21 ¶ 2.) He also seemingly seeks to add counts under the Maryland Consumer Protection Act and for quiet title. (ECF No. 21-1 ¶¶ 15–16, 19.)

Following briefing on the foregoing motions, Plaintiff filed two motions for sanctions against Defendants pursuant to Federal Rule of Procedure 11(c) for their filings related to same. (ECF No. 35, 36.) All motions are now fully briefed.

## II. PLAINTIFF'S MOTION TO AMEND

### A. Legal Standard

Under Federal Rule of Civil Procedure 15(a), "[a] party may amend its pleading once as a matter of course" within 21 days of service, or "if the pleading is one to which a responsive pleading is required, 21 days after service of a responsive pleading or 21 days after service of a motion under Rule 12(b), (e), or (f), whichever is earlier." FED. R. CIV. P. 15(a)(1). Otherwise, "a

party may amend its pleading only with the opposing party's written consent or the court's leave." FED. R. CIV. P. 15(a)(2). Rule 15(a) counsels that "[t]he court should freely give leave when justice so requires." FED. R. CIV. P. 15(a)(2). "The Supreme Court has emphasized that 'this mandate is to be heeded.'" *Johnson v. Oroweat Foods Co.*, 785 F.2d 503, 509 (4th Cir. 1986) (quoting *Foman v. Davis*, 371 U.S. 178, 182 (1962)).

"The Fourth Circuit's policy is 'to liberally allow amendment.'" *Lavin v. Safeco Ins. Co. of Am.*, No. SAG 22-1788, 2022 WL 17342051, at *1 (D. Md. Nov. 30, 2022) (quoting *Galustian v. Peter*, 591 F.3d 724, 729 (4th Cir. 2010)). Therefore, "leave to amend a pleading should be denied only when the amendment would be prejudicial to the opposing party, there has been bad faith on the part of the moving party, or the amendment would be futile." *Johnson*, 785 F.2d at 509; see *Oliver v. Dep't of Pub. Safety & Corr. Servs.*, 350 F. Supp. 3d 340, 345 (D. Md. 2018) (noting that "[g]ranting leave to amend [] is the default under Rule 15"). A court is also permitted to deny as futile a request for leave to amend where the "proposed amended complaint fails to satisfy the requirements of the federal rules." *Katyle v. Penn Nat. Gaming, Inc.*, 637 F.3d 462, 471 (4th Cir. 2011) (quoting *U.S. ex rel. Wilson v. Kellogg Brown & Root, Inc.*, 525 F.3d 370, 376 (4th Cir. 2008)); see *In re Triangle Cap. Corp. Sec. Litig.*, 988 F.3d 743, 750 (4th Cir. 2021) ("[I]n recent years, we have made clear that district courts are free to deny leave to amend as futile if the complaint fails to withstand Rule 12(b)(6) scrutiny.").

**B. Analysis**

Plaintiff files the instant Motion to Amend to "refine his claims in response to the issues raised by both Defendants in their Rule 12(b)(6) motions." (ECF No. 21 ¶ 2.) He also seeks to add two additional claim and exhibits relevant to certain facts. (ECF No. 21 ¶ 3; ECF No. 21-1 ¶¶ 15–16, 19.) Defendants both oppose amendment.

3

Defendants do not argue Plaintiff's amendment would be prejudicial or made in bad faith; and the court does not discern either. Instead, Defendants argue that leave to amend should be denied because amendment would be futile. (ECF No. 25 ¶¶ 12–21; ECF No. 26 at pp. 4–8.) As explained above, leave to amend "should only be denied on the ground of futility when the proposed amendment is clearly insufficient or frivolous on its face." *Johnson*, 785 F.2d at 510, *supra*. A court may also deny as futile a request for leave to amend where the "proposed amended complaint fails to satisfy the requirements of the federal rules." *See Katyle*, 637 F.3d at 471, *supra*.

Defendants' arguments of futility are rooted in various pleading deficiencies. The court appreciates that Defendants' position is that Plaintiff has failed to state claims showing entitlement to relief. Plaintiff, a *pro se* litigant, however, seeks leave to amend in an effort to correct certain pleading deficiencies. Further, the court is satisfied that amendment is not futile in its entirety, which is to say, the court does not find that every claim asserted by Plaintiff is "clearly insufficient or frivolous in its face." *See Johnson*, 785 F.2d at 510, *supra*. To the extent certain claims may be futile individually, the court is not persuaded that denying Plaintiff leave to amend in full is warranted as it would not serve the interests of justice and efficiency. Indeed, based on the myriad filings, the parties' arguments on Plaintiff's allegations span three different sets of briefing with various distinctions—the motions to dismiss; the Motion to Amend; and the motions for sanctions. The interests of justice and efficiency are served by permitting Plaintiff his amendment after which the court will consider Defendants' preliminary challenges, if any.

Moreover, while the Fourth Circuit permits courts to deny a plaintiff leave to amend where he fails to state a claim pursuant to Rule 12(b)(6), the court declines to undertake that analysis here for the foregoing reasons. In all, this case is in the early stages of litigation—no scheduling order has been issued; no discovery has occurred. *See Laber*, 438 F.3d at 427 and *Medline Indus., Inc.*,

4

702 F. Supp. 3d at 408–409, *supra*. Plaintiff is attempting to comport with applicable rules to address pleading deficiencies. In the view of the court, Defendants' arguments are better aired and evaluated by way of 12(b)(6) motions. *See Lavin v. Safeco Ins. Co. of Am.*, No. CV SAG-22-1788, 2022 WL 17342051, at *2 (D. Md. Nov. 30, 2022) (explaining that while "it may be within the trial court's discretion to deny leave to amend when it is clear that a claim cannot withstand a Rule 12(b)(6) motion," "it does not follow that every plaintiff seeking leave to amend claims must demonstrate that the claims can withstand a Rule 12(b)(6) motion") (citations omitted).

Accordingly, the court will grant Plaintiff leave to amend. Defendants remain free to assert Rule 12 (or other applicable) motions.[2] To be clear, the court makes no determination here of whether Plaintiff has stated plausible claims sufficient to survive a motion under Rule 12.

### III. PLAINTIFF'S MOTIONS FOR SANCTIONS

Plaintiff further seeks sanctions against both Defendants (ECF Nos. 35, 36) for "submitting" and "presenting" purportedly false and inconsistent or contradictory representations in their filings related to their motions to dismiss (and perhaps in responding to his Motion to Amend). (ECF No. 35 at p. 1; ECF No. 36 at p. 1.) Plaintiff seeks such sanctions pursuant to Federal Rule of Civil Procedure 11(c).

Federal Rule of Civil Procedure 11 requires attorneys (and unrepresented parties) "to certify, on the basis of a reasonable inquiry, that any pleading or paper they file with a district court (1) is not filed 'for any improper purpose'; (2) is 'warranted by existing law'; and (3) alleges facts that 'have evidentiary support.'" *Lokhova v. Halper*, 30 F.4th 349, 354 (4th Cir. 2022)

---

[2] The court notes that this appears to be Plaintiff's third time amending his complaint since he initiated this action in January 2025. While the court will permit Plaintiff further amendment for the reasons set forth herein, it commends to Plaintiff's attention that, at some point, a plaintiff is stuck with his complaint and the case must progress. *Bioiberica Nebraska, Inc. v. Nutramax Mfg., Inc.*, No. 1:18-CV-03133-SAG, 2021 WL 242494, at *2 (D. Md. Jan. 25, 2021) (denying leave to amend because plaintiff "simply cannot be permitted to change its legal theories in perpetuity, serving only to unduly prolong this litigation"). The door to amending the complaint will not remain open indefinitely.

(quoting FED. R. CIV. P. 11(b)).  This court may, in its discretion, impose sanctions for violations of Rule 11.  FED. R. CIV. P. 11(c).  "[I]n exercising that discretion to impose sanctions for a pleading or paper's lack of legal support, the court must apply an objective standard, inquiring whether 'a reasonable attorney in like circumstances could not have believed his actions to be legally justified.'"  *Lokhova*, 30 F.4th at 354 (quoting *Hunter v. Earthgrains Co. Bakery*, 281 F.3d 144, 153 (4th Cir. 2022)).  To be sanctionable, a legal argument must have "absolutely no chance of success under the existing precedent."  *Hunter*, 281 F.3d at 153.

Even assuming without deciding that Plaintiff complied with the procedural requirements of Federal Rule of Civil Procedure 11(c), *see* FED. R. CIV. P. 11(c)(1)(A), he has not shown that Defendants' counsel made sanctionable legal arguments or otherwise violated Rule 11.  With respect to Nationstar, Plaintiff avers that sanctions are warranted because Nationstar falsely denied "foreclosure activity," failed "to produce the original endorsed note and gaps in chain of title," improperly reported Plaintiff's credit; failed "to Provide Required Force-Placed Insurance Notices Before Escrow Charges;" and falsely denied its debt collector status.  (ECF No. 35 at pp. 3–6.)

Much of the conduct about which Plaintiff complains does not relate to a paper filed in this court by Nationstar; instead it pertains to Plaintiff's allegations underlying this case.  *See* FED. R. CIV. P. 11(b).  In any event, to the extent Plaintiff's motion for sanctions does refer to a court filing, the court discerns no improper purpose, argument plainly foreclosed by existing law, or statement made without any basis.  The court is not persuaded that Nationstar's statements concerning foreclosure or denial of its debt collector status were for an improper purpose or without basis.  Similarly, Nationstar is not required, at the present stage, to present evidence to challenge Plaintiff's allegations.

Relatedly, Plaintiff's motion for sanctions as to Progressive is based on his argument that

it engaged in "contradictory policy handling and deceptive underwriting" and "furnish[ed] misleading documents and support[ed] debt collection." (ECF No. 36 at pp. 2–3.) These arguments, again, are largely duplicative of those underlying Plaintiff's initiation of this action, *see* ECF No. 21-1 ¶¶ 14, 16, not a filing made with the court for an improper purpose or without basis. In any event, the court has reviewed the papers and discerns no sanctionable conduct by Progressive.

In all, Plaintiff's Rule 11(c) motions for sanctions focus heavily on the merits of his claims and seek sanctions for Defendants' opposition to such claims. A motion for Rule 11(c) sanctions is not the proper vehicle to adjudicate the merits of Plaintiff's claims. Moreover, at the present stage, Defendants' challenges are to the sufficiency of Plaintiff's pleading; Defendants are not required to produce evidence in support of their challenges. No basis for Rule 11 sanctions exists.

### IV. CONCLUSION AND ORDER

In view of the foregoing, it is therefore this 16th day of October 2025,

**ORDERED** that Plaintiff's Motion (ECF No. 21) shall be, and is hereby, **GRANTED**; and further it is

**ORDERED** that Madam Clerk shall docket the Second Amended Complaint and its attached exhibits at ECF No. 21-1 and ECF Nos. 21-4, 21-8 through 21-9; and further it is

**ORDERED** that Defendants' motions to dismiss at ECF Nos. 17 and 19 shall be, and are hereby, **DENIED as moot**; and further it is

**ORDERED** that Defendants shall respond to Plaintiff's Second Amended Complaint in accordance with the Federal and Local Rules; and further it is

**ORDERED** that Plaintiff's Motion for Sanctions Pursuant to Rule 11 against Nationstar Mortgage LLC (ECF No. 35) and Motion for Sanctions Pursuant to Rule 11 against Progressive

Insurance Company (ECF No. 36) shall be, and are hereby, **DENIED**.

/s/
Julie R. Rubin
United States District Judge