IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND
(Northern Division)

| | | |
|---|---|---|
| DARRIN JOHNSON JR.,<br>Plaintiff,<br>v.<br><br>NATIONSTAR MORTGAGE LLC d/b/a<br>MR. COOPER, et al.,<br>Defendants. | *<br>*<br>*<br>*<br>*<br>*<br>* | Case No.: 1:25-CV-00855-JRR |

---

**SECOND AMENDED COMPLAINT FOR DAMAGES, DECLARATORY AND INJUNCTIVE RELIEF**

## INTRODUCTION

1. Plaintiff Darrin Johnson Jr., a "consumer" as defined under 15 U.S.C. § 1692a(3), brings this action against Nationstar Mortgage LLC ("Nationstar"), a "debt collector" under 15 U.S.C. § 1692a(6), and Progressive Insurance ("Progressive") for coordinated misconduct resulting in deceptive debt collection, unjustified cancellation of insurance coverage, and wrongful attempts to enforce a mortgage debt without standing. Plaintiff seeks compensatory, punitive, and statutory damages as well as declaratory and injunctive relief.

**JURISDICTION AND VENUE**

2. This Court has jurisdiction pursuant to 28 U.S.C. §§ 1331, 1332, and supplemental jurisdiction under § 1367(a). Venue is proper under 28 U.S.C. § 1391(b)(2), as the events occurred in this District.

**PARTIES**

3. Plaintiff Darrin Johnson Jr. resides in Maryland and is the homeowner of 1120 Homewood Avenue, Baltimore, MD 21202.
4. Defendant Nationstar is a Texas LLC engaged in mortgage servicing with a principal office in Texas and authorized to do business in Maryland.
5. Defendant Progressive is an Ohio corporation operating as American Strategic Insurance, authorized to underwrite property insurance in Maryland.

**FACTUAL ALLEGATIONS**

6. Plaintiff is the homeowner of record for the subject property. Nationstar claims to be servicer of the mortgage loan but has not produced the original, properly endorsed promissory note or documentation establishing holder-in-due-course status.
7. On October 17, 2024, Nationstar acquired a property insurance policy on Plaintiff's home through Progressive and simultaneously instructed Plaintiff to cancel his own coverage (Exhibit 14).
8. On December 4, 2024, Progressive cancelled Plaintiff's existing policy citing a flat roof, despite issuing a policy on the same risk to Nationstar just weeks earlier (Exhibit 15).

9. Plaintiff remains personally uninsured as of the date of filing, given the cancellation initiated by Defendants and uncertainty over the validity of forced coverage applied without Plaintiff's consent. Nationstar's 1/31/2025 foreclosure notice (Ex. 22) demonstrates imminent, irreparable harm.
10. In a Mortgage Loan Statement dated March 18, 2025, Nationstar added attorney's fees related to this litigation to Plaintiff's mortgage account, despite not having legal standing to collect or enforce the debt (Exhibit 21). Nationstar's addition of legal fees related to this action, despite lacking documentation to enforce the debt, constitutes an unauthorized and premature charge.
11. These actions reflect a coordinated scheme to inflate escrow balances, mislead Plaintiff regarding coverage, and foreclose without valid documentation.

**CLAIMS FOR RELIEF**

**Count I – Declaratory Relief (28 U.S.C. § 2201)**

11. Plaintiff seeks a declaration that Nationstar lacks standing to enforce the mortgage or initiate foreclosure without producing the original endorsed promissory note and chain of assignments.

**Count II – Violation of the Fair Debt Collection Practices Act (FDCPA), 15 U.S.C. § 1692 et seq.**

12. Plaintiff is a "consumer" within the meaning of 15 U.S.C. § 1692a(3). Nationstar is a "debt collector" within the meaning of 15 U.S.C. § 1692a(6).
13. Nationstar violated 15 U.S.C. §§ 1692e, 1692f, and 1692g by:

1. Misrepresenting debt validation status;
2. Charging unauthorized legal fees;
3. Force-placing insurance based on manipulated escrow.

14. Progressive violated 15 U.S.C. § 1692j by enabling deceptive billing and misrepresenting policy status to facilitate debt collection on Nationstar's behalf. Although Plaintiff did not communicate with Progressive directly, its cancellation and reissuance actions were undertaken with knowledge of the dispute, conveyed through Nationstar's coordination and insurance-related requests.

**Count III – Maryland Consumer Protection Act (Md. Code Ann., Com. Law § 13-301 et seq.)**

15. While the FTC Act does not provide a private right of action, Progressive's conduct violates the Maryland Consumer Protection Act (MCPA), which prohibits "unfair or deceptive trade practices." Md. Code Ann., Com. Law § 13-301.

16. Both Defendants engaged in deceptive practices:
    1. Contradictory underwriting actions (Progressive);
    2. Threats of foreclosure and misstatements (Nationstar);
    3. Omission of material facts in servicing and billing.

**Count IV – Breach of Contract and Bad Faith (Progressive)**

17. Progressive breached its policy by cancelling based on criteria it did not apply to Nationstar and failed to act in good faith per Mesmer v. MAMSI Life, 377 Md. 161 (2003).

**Count V – Maryland UCC Violations (Md. Code Ann., Com. Law § 3-301 et seq.)**

18. Nationstar cannot enforce the mortgage due to lack of possession and endorsement of the original note, in violation of Anderson v. Burson, 424 Md. 232 (2011). Nationstar lacks both possession of the original note and a chain of proper endorsements, failing to meet the requirements of a holder in due course under Md. Code Ann., Com. Law § 3-301 and § 3-308.

**Count VI – Quiet Title (Md. Code Ann., Real Prop. § 14-108)**

19. Plaintiff seeks to quiet title due to Nationstar's failure to prove a valid lien.

**RELIEF REQUESTED**

Plaintiff requests:

20. Declaratory judgment that Nationstar lacks standing to foreclose.
21. **Compensatory Damages**:
    1. **Against Nationstar**: $106,388 — representing Plaintiff's estimated equity at risk due to Nationstar's unlawful foreclosure actions and failure to validate the debt or establish standing.
    2. **Against Progressive**: $351,352 — representing the estimated replacement cost of the property, reflecting the financial exposure caused by Progressive's wrongful cancellation of insurance coverage.

22. **Punitive Damages:**

Plaintiff seeks punitive damages in the amount of $1,063,880 against Nationstar and $3,513,520 against Progressive, reflecting a 10:1 ratio to their respective compensatory harms. These amounts are consistent with *BMW of N. Am., Inc. v. Gore*, 517 U.S. 559, 575 (1996), and *State Farm Mut. Auto Ins. Co. v. Campbell*, 538 U.S. 408, 419 (2003), where the Supreme Court emphasized that punitive damages must be sufficient to deter and punish, in proportion to the reprehensibility of the conduct and the defendant's financial status.

Defendants are billion-dollar corporations. Based on public filings:

1. Nationstar (Mr. Cooper) reported $2,247 million in annual revenue, or approximately $187.25 million per month. The requested punitive damages represent only 0.00568% of its average monthly revenue.
2. Progressive Insurance reported $6,787 million in net premiums earned for March 2025, or approximately $2.26 billion per month. The requested punitive damages represent only 0.155% of its average monthly revenue.

Accordingly, the requested punitive damages should be viewed as minimum deterrent thresholds, not ceiling values. In proportion to each Defendant's financial strength, these figures are modest and necessary to reflect the severity of the coordinated misconduct and to serve as a meaningful deterrent to future wrongful practices affecting consumers.

23. Plaintiff seeks statutory damages under 15 U.S.C. § 1692k(a)(2)(A), and reserves the right to recover attorneys' fees and costs under § 1692k(a)(3) should counsel be retained.
24. Order compelling Nationstar to produce the original note and UCC-1.
25. Immediate injunctive relief halting foreclosure pending resolution of this action.
26. Quiet title to remove the clouded lien.
27. Any further relief the Court deems just.

**EXIGENCY NOTICE**

Plaintiff faces imminent foreclosure initiated by Nationstar on 1/31/2025 (Ex. 22), warranting expedited injunctive relief under Fed. R. Civ. P. 65(b).

**JURY DEMAND,** Plaintiff demands a jury trial on all triable issues.

Dated: April 25, 2025

Respectfully,
Without Recourse or Prejudice
By: darrin lamont jr: johnson ibene.

Darrin L. Johnson Jr.
1120 Homewood Ave
Baltimore, MD 21202
302-217-0217 | Dljohns6@gmail.com

## CERTIFICATE OF SERVICE

I hereby certify that on April 25, 2025, the foregoing *Second Amended Complaint for Damages, Declaratory and Injunctive Relief* was served electronically via the Court's Electronic Document Submission System (EDSS/CM-ECF) to all counsel of record.

Dated: April 25, 2025

Respectfully,

Without Recourse or Prejudice
By: darrin lamont jr. johnson ibene.

Darrin L. Johnson Jr.
1120 Homewood Ave
Baltimore, MD 21202
302-217-0217 | Dljohns6@gmail.com