**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF MARYLAND**
(Northern Division)

| | | |
|---|---|---|
| DARRIN JOHNSON JR., | * | |
| Plaintiff, | * | |
| v. | * | |
| | * | Case No.: 1:25-CV-00855-JRR |
| NATIONSTAR MORTGAGE LLC d/b/a | * | |
| MR. COOPER, et al., | * | |
| Defendants. | * | |

---

**PLAINTIFF'S CONSOLIDATED NOTICE OF ERRATA AND REQUEST FOR JUDICIAL NOTICE (Correcting ECF 57, 58, 60 & 61)**

Comes now Plaintiff, Darrin Johnson Jr., *pro se*, and respectfully submits this Consolidated Notice to correct the record concerning both Defendants' Reply briefs (ECF 60 & 61) and, pursuant to Federal Rule of Evidence 201, requests the Court take judicial notice of integral public records filed with Plaintiff's Oppositions (ECF 57 & 58).

## I. CORRECTION OF ERRONEOUS STATEMENTS IN DEFENDANTS' REPLIES

### A. Nationstar's Reply (ECF 60)

1. **Erroneous Statement on Legal Authority:** Nationstar claims it is "unable to locate" *Cooke v. Carrington Mortg. Servs.*, No. 22-1425 (4th Cir. 2023). This is incorrect. The unpublished case is fully citable under 4th Cir. R. 32.1, available on Westlaw (2023 WL 3010355), and holds that servicer-imposed charges from improper insurance constitute concrete injury for standing.

2. **Erroneous Statement on Exhibits:** Nationstar claims it is "unable to locate" Exhibit B to ECF 58. This was due to a clerical filing error. The correct Exhibit B (Progressive's Oct. 20, 2025 MIA letter) and Exhibit C (MIA's Nov. 13, 2025 letter) are provided as attachments.

**B. Progressive's Reply (ECF 61)**

1. **Erroneous Statement on "New Facts":** Progressive incorrectly labels the MIA correspondence (ECF 58 Exs. A-C) as impermissible "new facts." These public regulatory records corroborate the SAC's core allegations of inconsistent underwriting and bad faith (SAC ¶¶ 7-9, 14-17) and are integral to the claims, properly considered at this stage. *Goines v. Valley Cmty. Servs. Bd.*, 822 F.3d 159, 166 (4th Cir. 2016).
2. **Erroneous Statement on Plaintiff's "Concession":** Progressive misrepresents Plaintiff's position, asserting a "concession" that no second policy existed. Plaintiff maintains the SAC plausibly alleges dual coverage via Nationstar's October 17, 2024 letter (SAC Ex. 14), creating a quintessential factual dispute inappropriate for resolution on a motion to dismiss.
3. **Erroneous Statement on "No Actual Injury":** Progressive's argument ignores Maryland law. The loss of paid-for insurance coverage, resulting in uninsured status and concrete financial exposure, constitutes "actual injury or loss" under the MCPA. *Lloyd v. Gen. Motors Corp.*, 397 Md. 108, 143 (2007).

## II. REQUEST FOR JUDICIAL NOTICE (FED. R. EVID. 201) AND CORRECTION OF RECORD

Plaintiff referenced public regulatory correspondence (MIA, CFPB), Defendant correspondence thereto [MIA, CFPB], and public records (MERS) in his Oppositions. These are public records whose accuracy cannot reasonably be questioned.

Due to a clerical error, the documents attached as **Exhibits B and C to ECF 58** were incorrect [Duplicated from ECF 57]. The correct documents are provided as **Attachments 1 & 2** to this Notice. Plaintiff requests the Court take judicial notice of their existence and content, as they demonstrate the fact of regulatory scrutiny and patterns of inconsistency relevant to the SAC's plausibility. *See Reynolds v. Fed. Bureau of Prisons*, 2022 WL 19548487, at *2 n.2 (S.D.W. Va. Dec. 20, 2022)*.

## III. RELIEF REQUESTED

For the reasons stated, Plaintiff respectfully requests that the Court:

1. **Take Judicial Notice,** pursuant to Fed. R. Evid. 201, of the **corrected Exhibit B and Exhibit C (Attachments 1 & 2), as well as all Exhibits previously filed with Plaintiff's Oppositions (ECF 57 & 58).**
2. **Take Judicial Notice** of the correct citation to *Cooke v. Carrington Mortg. Servs.*, No. 22-1425 (4th Cir. 2023).
3. Deny Defendants' Motions to Dismiss (ECF 53 & 55) on the merits, as the complete and corrected record amply demonstrates the plausibility of Plaintiff's claims.

Respectfully,

Darrin L. Johnson Jr., Plaintiff, pro Se
1120 Homewood Ave
Baltimore, MD 21202
302-217-0217 | Dljohns6@gmail.com

ATTACHMENT:

1. **Corrected Exhibit B to ECF 58:** Progressive's October 20, 2025 letter to the MIA.

2. **Corrected Exhibit C to ECF 58:** MIA's November 13, 2025 letter to Plaintiff.

## CERTIFICATE OF SERVICE

I hereby certify that on this 9th day of December 2025, a copy of the foregoing Plaintiff's Consolidated Notice Of Errata And Request For Judicial Notice (Correcting ECF 57, 58, 60 & 61) and Corrected Exhibits B and C to ECF 58 was filed electronically and served via the Court's CM/ECF system upon all counsel of record.

**Dated:** December 9, 2025

Respectfully,

Darrin L. Johnson Jr., Plaintiff, pro Se
1120 Homewood Ave
Baltimore, MD 21202
302-217-0217 | Dljohns6@gmail.com